IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| SHELIA GRAY, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE BOARD OF TRUSTEES OF THE )<br>GEORGIA MILITARY COLLEGE, )<br>)<br>)<br>Defendant. ) | CIVIL ACTION NO. 5:21-cv-52 (MTT) |

**ORDER**

Defendant the Board of Trustees of the Georgia Military College (GMC) moved for partial judgment on the pleadings arguing most claims raised in Plaintiff Sheila Gray's Amended Complaint, Doc. 8, are barred by either Eleventh Amendment immunity, failure to exhaust administrative remedies, or both.  Doc. 10.

The Defendant's motion, Plaintiff's response, and subsequent reply briefs clearly require the Court to consider matters outside the pleadings.[1]  Accordingly, the Court converts the Defendant's motion to one for summary judgment under Rule 56.  *See* Fed. R. Civ. P. 12(d).  As discussed during the motion hearing, the parties shall have sixty days to conduct limited discovery on the issues of Eleventh Amendment immunity and exhaustion.  Following that discovery period, the Defendant shall file a

---

[1] While the Court may consider facts outside the pleadings to determine whether an exhaustion defense has merit without converting GMC's 12(c) motion to a motion for summary judgment, *Bryant v. Rich*, 530 F.3d 1368, 1374-75 (11th Cir. 2008), the record is too unclear to resolve GMC's 12(c) motion in this manner.

supplemental brief within fourteen days and a statement of undisputed facts as provided by Local Rule 56.  The Plaintiff shall file an appropriate response within fourteen days.  The parties may incorporate by reference their arguments made in previously filed briefs.  To the extent either party relies on any other matter outside of the pleadings, those items should be filed with its supplemental brief.

**SO ORDERED**, this 30th day of September, 2021.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT