IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| SHELIA GRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 5:21-cv-52 (MTT) |
| | ) | |
| THE BOARD OF TRUSTEES OF THE GEORGIA MILITARY COLLEGE, | ) | |
| | ) | |
| Defendants | ) | |

**ORDER**

In this employment discrimination action, Defendant the Board of Trustees of the Georgia Military College ("the Board") objected to and moved to strike Plaintiff Shelia Gray's twenty-fifth "material fact in genuine dispute." Doc. 28-1 ¶ 25. In that statement of disputed fact, Gray cited generally to 249 pages filed with her supplemental brief and statement of material disputed facts. Doc. 26-2 ¶ 25 (citing Docs. 10-1; 26-4; 26-5). Those pages were the EEOC's response to a subpoena for the production of its investigative file on Gray's charges of discrimination. Doc. 26-4 at 2-3. Gray's supplemental brief made no reference to the EEOC file, but in Gray's twenty-fifth fact in dispute Gray said the EEOC file demonstrated that "[t]he investigation of Plaintiff's first Charge of Discrimination included vastly more factual allegations that [sic] what was explicitly contained in Plaintiff's 'Form 5' Charge of Discrimination." Doc. 26-2 ¶ 25. The Board objected and moved to strike on the grounds that Gray "does not cite to particular portions of the record" in violation of Local Rule 56 and that the Board could not reasonably determine which of the 246 pages from the first production contain the

new factual allegations.  Doc. 28-1 ¶ 25.  In short, the Board contended that Gray's document dump on the Board and the Court was improper.

This dispute arises in the context of the Board's motion to dismiss several of Gray's claims because she failed to exhaust her administrative remedies.  Doc. 10 at 6-14.  Resolution of the dispute requires discussion of events leading up to the Board's present motion.  Gray filed two EEOC charges in this matter.  Docs. 10-1; 10-3; 26-1 ¶ 23.  Gray's first charge alleged race and age discrimination.  Doc. 10-1.  Gray's second charge alleged only disability discrimination in violation of the Americans with Disabilities Act ("ADA").  Docs. 10-3; 26-1 ¶¶ 27-28.  Relevant here, the Board contended that several of Gray's Title VII claims had not been exhausted because they were not raised in the first charge.  Doc. 10 at 6.

In her June 16, 2021, response to the Board's exhaustion motion, Gray contended she had evidence that demonstrated she had exhausted her claims but argued she could not tender that evidence because it was not appropriate to look outside the pleadings.  Doc. 14 at 11.  That was incorrect, and Gray's lawyer knew that was incorrect.  It is well established that in resolving exhaustion issues the Court can, and as a practical matter almost always must, look beyond the pleadings.  *Bryant v. Rich*, 530 F.3d 1368, 1374-77 (11th Cir. 2008) (citations omitted).  Gray's lawyer knew this because he had litigated this precise issue before.[1]  *Chesnut v. CC Servs., Inc.*, 2020 WL 1433876, at *3 (M.D. Ga. Mar. 24, 2020).  Not surprisingly, the Board's July 14, 2021, reply brief noted Gray's failure to produce any evidence that demonstrated she had exhausted claims not explicitly mentioned in her EEOC charges.  Doc. 16 at 4-

---

[1] The Court reiterated the exhaustion standard, rather forcefully, at the September 28, 2021, hearing and in an order entered after the hearing.  Docs. 21; 23.

6. In her surreply, Gray, rather than tendering the evidence she said she had, doubled down on her position that the Court could not look outside the pleadings to determine whether her claims were exhausted. Doc. 20 at 7-8.

The Court could have, at that point, granted the Board's motion because Gray failed to produce any evidence that she had exhausted the claims at issue. Nevertheless, the Court allowed her an opportunity to conduct discovery and submit evidence. Doc. 23.

After the completion of discovery, Gray filed a supplemental brief on December 27, 2021, which did not address exhaustion of her Title VII claims.[2] *See* Doc. 26. That is when she filed the EEOC file without citing to anything in that file. *See* Docs. 26-4; 26-5. After the Board moved to strike, the Court ordered Gray to respond. Docs. 28-1 ¶ 25; 29. In her January 19, 2022, response, Gray, for the first time, tendered a copy of what she alleged to be her Response to the Board's position statement ("Position Paper Response" or "Response") before the EEOC and asked the Court to supplement the record with that Response. Docs. 30 at 13; 30-2. This Position Paper Response was not in the EEOC file, and Gray has not provided any coherent explanation for why it was not there. *See* Docs. 26-4; 26-5; 30. Nor did she explain why she made no mention of this alleged Position Paper Response in her supplemental brief or statement of facts in dispute. *See* Doc. 30.

---

[2] In that brief, Gray clarified her Eleventh Amendment immunity argument and further contended her second charge of discrimination—a charge that purely concerned disability discrimination not at issue here—was timely filed. Doc. 26 at 5-20.

**I. STANDARD**

Gray raises a largely pointless argument that a motion to strike is the wrong weapon to attack her 249-page document dump on the Court.  Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  The law is not entirely clear on whether a court has broad powers to strike evidence or other non-pleadings, or if a court's power to strike is limited by Rule 12(f) to the pleadings.  *Compare Reese v. Herbert*, 527 F.3d 1253, 1265, 1274 (11th Cir. 2008) (affirming district court's grant of a motion to strike an affidavit), *with Polite v. Dougherty Cnty. Sch. Sys.*, 314 F. App'x. 180, 184 n.7 (11th Cir. 2008) ("motions to strike are only appropriately addressed towards matters contained in the pleadings").

Some courts "have noted that evidence submitted in support of motions or pleadings may be 'challenged by motions to strike because the Federal Rules provide no other means to contest [its] sufficiency.'" *Morris v. Precoat Metals*, 2013 WL 830868, *2 (N.D. Ala. March 4, 2013) (quoting *Anderson v. Ga. Gulf Lake Charles, LLC*, 2008 WL 919716, *1 (W.D. La. Apr. 4, 2008)).  Other courts have determined that "[t]he correct approach is to object to an opposing party's factual assertion on the ground that it 'cannot be presented in a form that would be admissible in evidence.'" *Norris v. GKN Westland Aerospace, Inc.*, 2013 WL 440755, *1 (M.D. Ala. Feb. 5, 2013) (quoting Fed. R. Civ. P. 56(c)(2)).  When a court applying the latter approach is presented with a motion to strike material outside the pleadings, it "will construe this motion as a notice of objection."  *Id.*

In other words, the label the Board puts on its motion makes no difference—it contends the Court should not consider the 249 pages because Gray cites to nothing in those pages to support any argument that she exhausted her claims.

## II. DISCUSSION

Substantively, Gray argues (1) she did in fact comply Local Rule 56; and (2) the "material fact in genuine dispute" is supported by a new document which Gray attempts to introduce for the first time. Doc. 30 at 5-11.

**A. Gray Failed to Comply with Local Rule 56**

Gray argues her general citation to 249 pages of EEOC investigatory material (Docs. 26-4; 26-5) complies with Local Rule 56. In relevant part, that rule states "[a]ll documents and other record materials relied upon by a party moving for or opposing a motion for summary judgment shall be clearly identified for the court. Where possible, dates, specific page numbers, and line numbers shall be given." M.D. Ga. L.R. 56. In short, Gray argues it is incumbent upon the Board and the Court—pursuant to Local Rule 56—to sift through 249 pages to determine what portions of that investigation support her assertion that "[t]he investigation of Plaintiff's first Charge of Discrimination included vastly more factual allegations than what was explicitly contained in Plaintiff's 'Form 5' Charge of Discrimination." Doc. 30 at 5-7. Perhaps sensing this argument was on shaky footing, Gray only now attempts to cite specific portions of the EEOC file to support her statement of fact. Doc. 30 at 9-11. But this is simply too little far too late. In the Court's view, this is not a case of Gray misunderstanding the rule. Rather, Gray presumed the Court would do the work for her and now seeks a mulligan after she

discovered that was not the case.[3]  Accordingly, the Board's objection (Doc. 28-1 ¶ 25) is **SUSTAINED.**

**B. Gray's Motion to Supplement is Denied**

Gray next seeks leave to supplement her supplemental filing to include her alleged Position Paper Response.[4]  Doc. 30 at 5-9 (citing Doc. 30-2).  Although Gray makes no mention of this Position Paper Response in her supplemental brief—again, her brief does not even address Title VII exhaustion—or her statement of disputed facts and although the Position Paper Response is not in the EEOC file, Gray now argues this Position Paper Response is the principal basis for her argument that her *first* EEOC charge exhausted the Title VII claims at issue.  Doc. 30 at 7-9.  Not incidentally, Gray's amended complaint alleged that her *second* EEOC charge exhausted her Title VII retaliation claim, an allegation which she withdrew at the September 28, 2021, motion hearing.  Doc. 21.

Gray argues supplementation is appropriate because while her Position Paper Response "*should* have been produced by the EEOC in response to the Subpoena, it was not."  Doc. 30 at 6 (emphasis in the original).  That is disingenuous.  Gray and her lawyer had the Position Paper Response all along,[5]  and there was no reason why she

---

[3] Even if the Court considered the EEOC materials (Docs. 26-4; 26-5), the Court agrees with the Board that "contrary to [Gray's] assertions, none of the cited examples demonstrate that the EEOC investigated any allegations beyond those alleged in her EEOC charge."  Doc. 32 at 6.  For example, she cites nothing suggesting that she alerted the EEOC to a possible Title VII retaliation claim.  *See* Docs. 26; 26-1 ¶¶ 24, 27; 26-2 ¶ 25.

[4] Gray also seeks to supplement her supplemental filing with three screenshots "which are being offered at this time to support her argument that the EEOC investigation involved issues not contained in Ms. Gray's EEOC Charge."  Doc. 30 at 11 n.2 (citing Doc. 30-3).  Similarly, the screenshots are never mentioned in Gray's supplemental brief.  *See* Doc. 26.

[5] The Position Paper Response was emailed on Gray's lawyer's email letterhead.  Doc. 26-5 at 2.

could not, as she much later did, tender the Position Paper Response.  *See* Doc. 14 at 11.  And Gray's lawyer admits he knew the Position Paper Response was not in the EEOC file.  Doc. 30 at 3.  Knowing that, and because he had the Response, it was incumbent upon him to put the Response in the record.  Continuing on his disingenuous path, Gray's lawyer claims he forgot that the Response, now so critical, was not in the EEOC file.  *Id.* at 6.  ("Admittedly, when Plaintiff's Statement of Material Facts was filed, counsel did not recall at that time that the EEOC had omitted this document from its responses to the Subpoena.").  But that does not explain why he did not argue the allegedly critical Position Paper Response in his supplemental brief or mention it in Gray's statement of disputed facts.

Then Gray's lawyer apparently forgot that he forgot that the Position Paper Response was not in the EEOC file.  In response to the Court's show cause order, Gray's lawyer argued that he could not have ethically relied on the Position Paper Response earlier because it was not in the record.  Doc. 30 at 6-7.  This takes disingenuous to a level the Court has rarely seen.  The reason the Position Paper Response was not in the record was because the lawyer did not put it in the record.  He had it, he knew it was not in the EEOC file, and he knew how to put it in the record, as he eventually tried to do.  In short, none of Gray's arguments or explanations make sense.

The issue of exhaustion has been pending for eight months.  *See* Doc. 10.  After Gray did not initially tender evidence of exhaustion, the Court, rather than dismissing the claims at issue, allowed her additional time to gather evidence to rebut the Board's claim that she had not exhausted.  Doc. 23.  She submitted some evidence, albeit

improperly—the 249-page document dump.  Docs. 26-4; 26-5.  That evidence did not include the alleged Position Paper Response, and she did not mention that Response in her supplemental brief.

Gray has provided no credible or good faith basis for excusing her failure to timely provide her Position Paper Response, the admission of which would require further discovery and briefing.  Accordingly, Gray's motion to supplement is **DENIED**.

### III. CONCLUSION

For the reasons discussed above, the Board's objection (Doc. 28-1 ¶ 25) to Gray's twenty-fifth "material fact in genuine dispute" is **SUSTAINED** and the Court will not consider that fact in ruling on the Board's motion for summary judgment.  Further, Gray's motion to supplement is **DENIED**, and the Court will not consider the material submitted by Gray (Docs. 30-2; 30-3) in connection with that motion.  The Court defers ruling on whether sanctions are appropriate.

**SO ORDERED**, this 7th day of March, 2022.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
