IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| SHELIA GRAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:21-cv-52 (MTT) |
| ) | |
| THE BOARD OF TRUSTEES OF THE ) | |
| GEORGIA MILITARY COLLEGE, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Plaintiff Sheila Gray moves for reconsideration of the Court's order (Doc. 34) that granted in part Defendant's Motion for Judgment on the Pleadings[1] on the grounds that "newly discovered evidence" shows her Title VII retaliation claim was, in fact, exhausted.  Doc. 38.  Defendant the Board of Trustees of the Georgia Military College ("the Board") responded in opposition.  Doc. 41.

Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice."  M.D. Ga. L.R. 7.6.  Indeed, "[r]econsideration of a previous order is an extraordinary remedy to be employed sparingly."  *Bingham v. Nelson*, 2010 WL 339806, at *1 (M.D. Ga. Jan. 21, 2010) (internal quotation marks and citation omitted).  It "is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was

---

[1] Following oral argument, the Court converted the Board's Rule 12(c) motion to a motion for summary judgment and granted the parties a sixty-day period to conduct limited discovery on the issues of Eleventh Amendment immunity and exhaustion.  Doc. 23.

not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Id*. "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

Here, Gray now seeks to introduce her initial inquiry to the EEOC which was only produced through a supplemental EEOC production on March 21, 2022, after the Court's order (Doc. 34) was entered.  Doc. 38-2.  In that initial inquiry—submitted to the EEOC on July 7, 2020—Gray alleges she was "retaliated against because I spoke up against racial comments another staff made and displayed by the institution and ultimately released from my position for doing so." *Id.* at 4.  Notwithstanding the contents of the inquiry, the Board argues Gray's motion is an attempt to circumvent the Court's order denying Gray's request to belatedly supplement the record with her Position Paper Response (Doc. 33), and in any event, Gray has not shown she made diligent efforts to obtain the inquiry she now seeks to introduce through her motion for reconsideration.  Doc. 41 at 3.

With regard to the Board's contention that Gray was not diligent, further discovery is required.  Accordingly, Gray's motion for reconsideration (Doc. 38) is **DENIED without prejudice** with leave to refile that motion once a record has been established to support the contention that the Court can consider Gray's initial inquiry to the EEOC as newly discovered evidence.[2]  The Court suggests that counsel discuss the

---

[2] As discussed at the April 7, 2022, motion hearing, the parties—for the sake of efficiency—should conduct discovery on the presumption that Gray's Title VII retaliation claim remains in the case.

scope of evidence relevant to Gray's diligence and that Gray renew her motion only after the Board has had an opportunity to conduct necessary discovery.

**SO ORDERED**, this 11th day of April, 2022.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT