IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| SHELIA GRAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:21-cv-52 (MTT) |
| | ) |
| THE BOARD OF TRUSTEES OF THE GEORGIA MILITARY COLLEGE, | ) |
| | ) |
| Defendant. | ) |

# ORDER

Gray moves for reconsideration of the Court's order (Doc. 34) that granted in part the defendant's motion for judgment on the pleadings[1] on the grounds that "the Court made a clear error of law in finding that, for the purposes of the 180-day requirement, Ms. Gray's Charge was filed on September 10, 2020."  Doc. 36 at 3.  In a separate motion, Gray also asserts the Court's decision not to consider supplemental materials submitted after the defendant's converted motion for summary judgment was fully briefed constitutes a clear error of law.  Doc. 37 at 3.  Defendant the Board of Trustees of the Georgia Military College ("the Board") responded in opposition to both motions.  Docs. 39; 40.  A motion hearing was held on April 7, 2022.  Docs. 42; 48.

Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice."  M.D. Ga. L.R. 7.6.  Indeed, "[r]econsideration of a previous

---

[1] The Court converted the Board's Rule 12(c) motion to a motion for summary judgment and granted the parties a sixty-day period to conduct limited discovery on the issues of Eleventh Amendment immunity and exhaustion.  Doc. 23.

order is an extraordinary remedy to be employed sparingly." *Bingham v. Nelson*, 2010 WL 339806, at *1 (M.D. Ga. Jan. 21, 2010) (internal quotation marks and citation omitted).  It "is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Id*.  "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

In other words, a motion for reconsideration is not a tool to remedy an attorney's incompetence for arguments he failed to make or documents he failed to file.  Yet, as the motion hearing made clear, that is exactly what Gray's counsel seeks to accomplish.

With respect to Gray's first motion for reconsideration, Gray's counsel admitted during the motion hearing that he never argued why Gray's first EEOC charge should be considered filed on July 7, 2020—the date of Gray's initial inquiry to the EEOC.  Doc. 48 at 26:3-20.  Rather, he claimed he didn't understand the timing of the first EEOC charge was an issue in play.  *Id.* at 26:24-27:8.  But that statement is entirely false because he referenced that precise issue in his initial response brief.  Doc. 14 at 12. Gray's response noted "[e]ven if Ms. Gray's initial inquiry with the EEOC was not used as the time of filing for her Charge—which it should—Ms. Gray submitted her first Form 5 Charge of Discrimination to the EEOC on September 10, 2020." *Id.*  Counsel then argued the September 10, 2020, filing of the first charge was within the 180-day period. *Id.*  Thus, counsel knew the timing of the first charge was at issue, he stated, without

explaining why, that the first charge should be deemed filed on the day of Gray's initial inquiry, but he then argued the September 10 filing of the first charge was timely. Never did he provide the Court with any basis for ruling that the first charge should be deemed filed on the date of the initial inquiry.

In short, the only "clear error" was that of Gray's counsel. His briefs failed to argue why the July 7, 2020, initial inquiry date should be treated as the date of filing, and when the Court treated that argument as abandoned in ruling on the Board's motion, he filed a motion for reconsideration to try and fix his mistake. *See* Doc. 34 at 3 n.1. Gray's first motion for reconsideration (Doc. 36) is **DENIED**.

If possible, Gray's second motion for reconsideration has even less merit. That motion concerns the Court's order that denied Gray's counsel's request to supplement the record with Gray's EEOC Position Paper Response after the Board's converted motion was fully briefed. Doc. 33. Gray's counsel baldly asserts that the Court's refusal to do so constitutes a "clear error of law." Doc. 37 at 3. Had the Court considered her Position Paper Response, Gray argues there would be sufficient evidence to establish she exhausted her Title VII retaliation claim. *Id.* at 4-5.

Gray herself drafted the Position Paper Response shortly before she retained counsel in December 2020. Doc. 30-1 ¶ 3. Counsel *now* argues the Position Paper Response is significant because it raises facts that counsel contends would have informed the EEOC that Gray was claiming Title VII retaliation even though her first charge made no mention of retaliation. Docs. 10-1; 37 at 4. At the hearing on the motions for reconsideration, counsel initially claimed he did not know when he got the Position Paper Response. Doc. 48 at 11:8-11. Fortunately, Gray was at the hearing,

and she refreshed counsel's recollection, informing him and the Court that she sent him the Position Paper Response sometime in December 2020. *Id.* at 11:21-12:21. Counsel then admitted he has had the Position Paper Response at all relevant times. *Id.* at 12:15-24. Yet, with one exception, counsel never mentioned the Position Paper Response prior to the Court's show cause order after the Board's converted motion for summary judgment was fully briefed. *See* Docs. 14 at 11; 20; 26; 29; 30-2. Specifically, Gray's initial response to the Board's motion, filed on June 16, 2021, noted "a review of Ms. Gray's response to the position statement that Defendant submitted to the EEOC will reflect that Ms. Gray spoke extensively about Defendant's multiple and ongoing failures to promote her or provide an equal raise." Doc. 14 at 11. In other words, Gray's counsel understood the Position Paper Response had some significance. Yet, he did not say the Position Paper Response addressed retaliation, and he did not put the Position Paper Response in the record. *See id.* Incredibly, counsel blames the EEOC for his failures because the EEOC did not include the Position Paper Response in its response to counsel's subpoena. Doc. 37 at 2-4. Yet counsel knew the Position Paper Response was not included in the EEOC's response, and, of course, counsel already had it because his client had given it to him. Docs. 30 at 3; 48 at 11:21-12:21.

     In the end, counsel admitted he had the Position Paper Response all along and thus could have put it in the record, he understood the significance of the Position Paper Response, and he never argued the Position Paper Response was relevant to whether Gray had exhausted her Title VII retaliation claim. Docs. 14 at 11; 48 at 29:9-16. Again, the "clear error" here is that of Gray's counsel, not of the EEOC or the Court. Gray's second motion for reconsideration (Doc. 37) is **DENIED**.

-5-

**SO ORDERED**, this 16th day of June, 2022.

S/ Marc T. Treadwell  
MARC T. TREADWELL, CHIEF JUDGE  
UNITED STATES DISTRICT COURT